## · GEORGE K. McGAW

*vs.*

## THE MAYOR AND CITY COUNCIL OF BALTIMORE
### ET AL.

*, Condemnation of land*: *damages; market value; structural value.*

Where the condemning agency and the owner have both ad-
duced proof of the structural cost, as reflecting upon the market
value of the property to be condemned, it is error to direct the
jury to disregard the testimony offered by one of the parties on
that point, while adverse evidence of the same character ad-
duced by the other party is left for their consideration.     p. 433

In general, in condemnation cases, evidence of structural
value may be proved, with due allowance for depreciation, as
reflecting on the market value, provided the buildings are well
adapted to the land and to the surroundings, and their struc-
tural value represents a fairly proportionate enhancement of the
market value of the land.                              p. 433

*Decided November 15th, 1917.*

Appeal from the Baltimore City Court.   (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS and URNER, JJ.

*W. Irvine Cross,* for the appellant.

*George Arnold Frick, Assistant City Solicitor* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant is the owner of a lot of ground which is being condemned by the City of Baltimore in connection with the widening of St. Paul street. The lot is improved with a brick building which, as remodeled about nine years ago, is adapted to the double uses of a stable and a garage. From an award of $4,985 for the property, made by the Commissioners for Opening Streets, the owner appealed to the Baltimore City Court, where the award was increased by the verdict of a jury to $6,500. In the course of the trial exceptions were reserved by the appellant to certain rulings which he regarded as prejudicial to his claim for larger damages than the verdict awarded.

In his testimony the appellant estimated the present market value of the property to be from $10,000 to $12,000. He stated that he paid $2,500 for it in 1908, when the building was in a serious state of disrepair; that he at once proceeded to make permanent and extensive improvements to the property at a cost of $4,619.42, and that it has greatly enhanced in market value during the succeeding years.

The contractor who remodeled the building for the appellant testified as to the extent and cost of that improvement, and stated that the cost of replacing the structure as a whole would be $10,000 or $11,000. The later estimate resulted from a calculation based upon the cubical contents of the building, which the witness had measured and found to be about 95,000 cubic feet, and upon an allowance of eleven cents per cubic foot as the cost of reconstruction. A real estate expert, testifying for the appellant, valued the lot of ground at $3,000 independently of the building.

Three witnesses for the city estimated the cost of reconstructing the building at $4,985, calculated at the rate of seven cents per cubic foot, and upon the basis of 71,150 feet of cubic contents, according to their measurements. They testified that in the ascertainment of the present value of the building thirty per cent. of its estimated structural cost should be deducted on account of depreciation. No other witnesses for the city expressed opinions as to the value of the building, but five of its witnesses, including the three just referred to, placed valuations on the land apart from the improvements, their appraisements ranging from $1,427.50 to $2,000.

. All of the testimony on the subject of structural cost and value was admitted without objection, but at the close of the case a prayer was offered by the city, and granted with some modification by the Court, which instructed the jury to disregard the testimony of the appellant's witness as to the cost of constructing the building at the present time. An exception to the granting of this instruction raises the only question in the case which involves any difficulty. The case was tried by both sides on the theory that the proper method of proving the market value of the property included the offer of estimates as to the structural cost of the improvements. This was the method consistently followed by the city's witnesses in arriving at the value of the property as a whole, and the only complete estimates of value produced by the city were developed upon that theory. The appellant's entire proof as to the value of the property, apart from the statement of his own opinion on the subject, consisted of the testimony of one expert, who placed a valuation only on the lot, and of the contractor, who testified as to the amount expended by the appellant on the improvement of the building, and who gave the estimate of its complete structural cost, which the jury were subsequently instructed not to consider. As the case stood before the granting of that instruction, there was testimony on behalf of the appellant that the struc-

tural cost was at least $10,000, as opposed to the city's evidence that the cost was only $4,985, and there was the undisputed proof by the city that a proper and necessary deduction for depreciation was thirty per cent. of the estimated cost, in view of the age and condition of the building. If the instruction under review had not been granted, the appellant would have been in a position before the jury to claim an award on the basis of a structural cost of $10,000, with a thirty per cent. allowance for deterioration, but the effect of the instruction was to eliminate the proof upon which such a claim could be founded and to leave undisturbed and without contradiction the lower estimates of structural cost submitted by the witnesses for the city. As presented under such circumstances the practical question to be determined is, not simply whether evidence of structural cost is ordinarily admissible as reflecting upon market values, but whether, after the condemning agency and the owner have both adduced such evidence as an essential element of their proof, the jury may properly be directed to disregard the testimony offered by one of the parties upon that point, while adverse evidence of the same character is left to their consideration. It may not have been the definite purpose of the instruction to make such a discrimination, but, as we understand the record, that was its inevitable effect, and there can be no doubt that it had a direct tendency to influence the verdict. In our judgment, there was error in this ruling.

Upon the subject of the admissibility of evidence of structural value in condemnation cases the general rule is that such value may be proved, with a due allowance for depreciation, as reflecting upon the market value of the land, provided the buildings are well adapted to the land and its surroundings and their structural value represents a fairly proportionate enhancement of the market value of the land. *New York* v. *Dunn et al.,* 198 N. Y. 84, 41 L. R. A. (N. S.) 411, note; *Patch* v. *Boston,* 146 Mass. 52; *Jacksonville & S.*

*E. Ry. Co.* v. *Walsh,* 106 Ill. 256; *Sedgwick on the Measure of Damages,* 9 ed. vol. 3, sec. 1168, 10 R. C. L. sec. 124. In this case the existence of the essential conditions justifying the use of evidence of structural value appears to have been recognized by both parties to the proceeding, and we think all the testimony on both sides directed to that subject should have been submitted to the jury.

It was suggested in the argument that a contrary view to the one just expressed was indicated by a ruling of this Court in approving the refusal of a prayer relating to structural value in *Bonaparte* v. *Baltimore,* 131 Md. 80. The prayer referred to authorized the jury to consider not only structural value, but also the cost of the property to the owner, the gross and net income he derived from it, and its availability for profitable use, without any reference being made to the market value of the property, which was to be the real and ultimate basis of the verdict.

The evidence offered by the appellant as to the cost of reconstructing the building should properly have been accompanied by proof as to the allowance to be made for depreciation, but the record does not show that any objection on this ground was interposed when the evidence was adduced, and the omission of testimony on that point was not an adequate ground of complaint at the close of the case, as the city's proof of the ratio of depreciation had been admitted and stood without contradiction.

Exception was taken to the granting of the city's third prayer, which, in the language of the statute, instructed the jury that the return of the Commissioners for Opening Streets was *prima facie* evidence of the correctness of their award, and that the burden of proof was on the party asserting that the award should be increased. The propriety of such an instruction, and the validity of the statute on which it is based have been sustained in the recent cases of *Bonaparte* v. *Baltimore, supra, and Cahill* v. *Baltimore,* 129 Md. 17.

The only other exception to be considered relates to the admission of testimony that as a result of the appellant's report to the Appeal Tax Court as to the value of the property involved in this proceeding, which he estimated for taxation purposes at a much lower amount than that stated in his testimony, the assessment of the property was reduced below the valuation which the assessors had tentatively proposed. The amount of the assessment, however, was not permitted to be proved. It does not seem to us that any injury could have resulted to the appellant from this ruling, and we are therefore of the opinion that it did not constitute reversible error.

Because of the granting of the instruction to which we have principally referred, the case will be remanded for a new trial.

*Ruling reversed, with costs to the appellant, and new trial awarded.*