443 P.2d 866

STATE of New Mexico ex rel. STATE
HIGHWAY COMMISSION of
New Mexico, Relator,

v.

The Honorable Garnett R. BURKS, District
Judge of the District Court of the Seventh
Judicial District of the State of New Mex-
ico, Respondent.

No. 8602.

Supreme Court of New Mexico.

July 22, 1968.

Richard v. Gose, Santa Fe, for relator.

Zinn & Donnell, Santa Fe, for respon-
dent.

## OPINION

NOBLE, Justice.

A condemnation proceeding was brought
by the State Highway Commission pur-
suant to ch. 324, Laws 1959, to acquire cer-
tain land for highway purposes. Defen-
dant Buck Harvey filed a motion pursuant
to Rules 41(b) and (e) of the Rules of
Civil Procedure (§ 21–1–1(41) (b) and (e),
N.M.S.A. 1953), seeking an order dismiss-
ing the condemnation proceeding. After
the court announced that the motion to dis-
miss would be granted, we issued an alter-
native writ of prohibition restraining the
Honorable Garnett R. Burks, Judge of the
Seventh Judicial District, from proceeding
further in the condemnation proceeding en-
titled State Highway Commission v. Apo-
lonio Marquez, et al., No. 4882, on the
docket in Torrance County.

Condemnation proceedings are
"special proceedings," as distinguished
from "civil actions." City of Tucumcari v.
Magnolia Petroleum Co., 57 N.M. 392, 259

P.2d 351; Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N.M. 94, 40 P.2d 627. Rule 1 of the Rules of Civil Procedure (§ 21–1–1(1), N.M.S.A. 1953) expressly declares that the Rules of Civil Procedure are inapplicable to inconsistent special statutory proceedings. The rule reads:

> "Scope of rules.—These rules govern the procedure in the district courts of New Mexico in all suits of a civil nature whether cognizable as cases at law or in equity, *except in special statutory* and summary proceedings where existing rules are inconsistent herewith." [Emphasis added.]

Montoya v. McManus, 68 N.M. 381, 362 P.2d 771; Trujillo v. Trujillo, 52 N.M. 258, 197 P.2d 421; Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307. Section 22–9–56, N.M.S.A. (Supp. 1967), ch. 248, Laws 1963, heavily relied upon by the respondent to require application of Rule 41 to this proceeding, reads:

> "The Rules of Civil Procedure shall apply to the special alternative procedure in eminent domain except where special provisions are found in the special alternative procedure which conflict with the rules of civil procedure and then the rules of civil procedure shall not apply."

It will be observed that there is no material difference in the effect of Rule 1 and § 22–9–56, supra. Both provide that the Rules of Civil Procedure shall apply to this special statutory proceeding except where there are inconsistent rules or statutory provisions.

The special alternative procedure to acquire lands for public purposes by eminent domain, referred to in § 22–9–56, supra, was enacted as ch. 324, Laws of 1959 (§§ 22–9–39 to –61, N.M.S.A. (Supp. 1967)), as amended, and is complete in itself. It provides for a permanent order permitting the condemnor to enter and occupy the premises and perform work thereon, after which "subsequent proceedings shall only affect the amount of compensa-

tion allowable." Section 22–9–43(C), N. M.S.A. (Supp. 1967). The taking of the property is complete when the order of entry has been made permanent. We conclude that the special statutory eminent domain procedure is inconsistent with Rules 41(b) and (e), supra, and that these rules are therefore inapplicable to eminent domain proceedings brought under the special alternative procedure where, as here, a permanent order of entry has been made as to some part of the property being condemned.

Section 22–9–56, supra, does not require a different result. It would certainly be inconsistent to provide for the complete taking of the property with the right to construct a highway or other improvement thereon, leaving only the amount of compensation for the property taken to be determined, and, at the same time, to provide for mandatory dismissal of the proceeding by which the landowner can obtain compensation for his property taken after the lapse of a certain period of time. Such a construction would lead to an absurd result.

It is not denied that the court entered an order making permanent the State Highway Commission's right of entry to tract 4–3, and the right to construct improvements thereon. As to that tract, it appears to be agreed that upon entry of the order the taking by the state was complete, leaving only the question of the amount of compensation to be paid the landowner. The respondent argues that the order of entry as to tract 4–3–EL was not made permanent because of a clause in the order: "There is specifically reserved for determination by the court the necessity of the taking of Tract 4–3–EL." We do not reach the question of whether the right of entry was permanent as to that tract so as to make the taking thereof complete except for a determination of the amount of compensation to be paid therefor. Both tracts are sought to be condemned in the same action, No. 4882 on the docket of Torrance County. The motion was to dismiss the

action in Cause No. 4882. Clearly, there can be no dismissal of that action under Rules 41(b) or (e), supra, because these rules are inapplicable to eminent domain proceedings in which an order of permanent entry and possession has been made. Even if the rules were applicable to such proceedings where an order of permanent entry has not been made, a question we need not now resolve, neither the rules nor the inherent power of the court to dismiss an action for lack of prosecution would permit the piecemeal dismissal of parts of the action, even if that had been requested. Since the rules are clearly inapplicable where such permanent order has been entered, the court is without authority to dismiss the action here. We do not mean to say that under proper circumstances the inherent power of the court to dismiss for lack of prosecution cannot be exercised. It follows that the court threatens to exceed its jurisdiction by the proposed entry of an order of dismissal of said Cause No. 4882 in Torrance County.

There is also in issue in this proceeding the question of whether the lower court has jurisdiction to determine whether it is necessary for highway purposes that the petitioner take certain of the lands involved.

It appears that the overwhelming weight of authority makes clear that the question of the necessity or expediency of a taking in eminent domain lies with the legislature and is not a proper subject for judicial review. 1 Nichols, Eminent Domain § 4.11, and cases therein cited.

People v. Lagiss, Cal.App., 30 Cal.Rptr. 852, said the following about the right of courts to determine the necessity for taking:

"[T]he motives or reasons for declaring that it is necessary to take land are no concern of the owner of land sought to be condemned by the state for a use declared by law to be a public use. * * At best it [the evidence] establishes that plaintiff was taking more land than needed for a public purpose. Such necessity is not justiciable, even if the motive of plaintiff was to take more land than it needed in order to avoid severance damages."

It is equally well settled that there is no limitation on the right of the legislature to designate the agencies that shall exercise the power of eminent domain except as restricted by the constitution. 1 Nichols, Eminent Domain § 3.22. Clearly, the State Highway Commission is a department of the State of New Mexico, and authorized by the legislature to acquire property for highway purposes. Ch. 324, Laws 1959.

It follows that the alternative writ of prohibition heretofore issued should be made permanent. It is so ordered.

CHAVEZ, C. J., and MOISE, COMPTON and DAVID W. CARMODY, JJ., concur.