456 P.2d 875

**CITY OF SANTA FE, a Municipal corporation and a political subdivision of the State of New Mexico, Plaintiff-Appellant,**

v.

**Joe O. GONZALES and Vangie Gonzales, his wife, Defendants-Appellees.**

**No. 8755.**

Supreme Court of New Mexico.

July 14, 1969.

Dean S. Zinn, Santa Fe, for plaintiff-appellant.

Bigbee & Byrd, Santa Fe, for defendants-appellees.

## OPINION

TACKETT, Justice.

This case was filed in the District Court of Santa Fe County, New Mexico, to condemn property in Santa Fe for street purposes. The appeal deals with the property known as Tract 2–7 owned by Joe O. Gonzales and Vangie Gonzales, his wife, defendants-appellees.

The case was tried to a jury; however, the trial court, after refusing to allow the City's expert witness to testify as to market value, directed a verdict for defendants Gonzales. The City appealed, alleging that the trial court erred in directing a verdict against plaintiff.

The City of Santa Fe filed this condemnation action under § 22–9–39, N.M.S.A., 1953 Comp., 1967 Pocket Supp., as part of a so-called "Inner Loop" project, which was a complete taking of Gonzales' property located on the southeast corner of Hickox and Gomez Streets. The City deposited with the clerk of the district court $10,600, representing the amount offered for the property. The answer alleged the highest and best use for the property was for residential rental purposes and claimed $26,500 as just compensation. Defendants withdrew the $10,600 deposited by the City without prejudice to litigate for additional compensation. Judgment on the directed verdict in favor of defendants was entered on October 31, 1967, for the sum of $25,000, less the $10,600 withdrawn, leaving a difference of $14,400, plus interest at 6% per annum from March 22, 1967, until paid.

The main issue complained of in this case is the refusal of the trial court to allow plaintiff's expert appraiser (Rogers) to testify as to the fair market value of the property in question; notwithstanding, after a detailed and lengthy examination into Rogers' qualifications as a real estate appraiser, the trial court accepted his qualifications as an expert appraiser.

Mr. Gonzales, the owner of the property condemned, testified that the fair market value of his property was from $25,000 to $30,000. His expert witness testified that the fair market value was $25,000.

When Rogers was called by plaintiff, he testified, that, in making the appraisel, he went out and familiarized himself with the property; that he examined the property a number of times in May 1966, and was on the property about every other day from May until August 1966; that he took pictures of the property, studied strip maps and aerial photographs, collected market data for the area, measured the property, inspected the exterior premises, looked through windows in one apartment but was never able to get inside; that, in addition, he made a study to determine if the neighborhood was static, declining or improving; and that, on the date of the taking, the building and premises had not changed from the time he first viewed the property.

At this point in the proceedings, the trial court ruled that since Rogers had not seen the inside of the apartments he could not testify as to the fair market value of the property, and that he could not give an opinion with respect to comparability.

The trial court did allow Rogers to explain his approaches to determine fair market value, i. e., market value, income and cost estimate approach. Rogers then testified that the best indicator of fair market value was the income approach. When Rogers attempted to give his opinion as to the fair market value of the property on the income approach, the trial court sustained an objection, refusing to allow Rogers to testify further.

A tender of proof was then made in the absence of the jury, which was refused. The trial court held, as a matter of law, that there was no substantial or reliable evidence offered by the City upon which

a jury could return a verdict. With this we cannot agree.

Appellant's contention is that, in passing upon the testimony of Rogers, the trial court failed to distinguish between the admissibility of evidence and the weight or credibility attached thereto. With this contention we agree.

■ Opinions of real estate appraisers on fair market value must be considered in connection with related facts on which they are based, and a satisfactory explanation must be given as to how the witness arrived at his conclusion. City of Albuquerque v. Chapman, 76 N.M. 162, 413 P.2d 204 (1966). This requirement was met by the appraiser Rogers in the instant case. 32 C.J.S. Evidence § 546(117) at p. 436.

■ We recognize the settled rule that a broad discretion is vested in the trial court in passing on the admissibility of opinion evidence in cases such as this, and, ordinarily, its rulings will not be disturbed on appeal. See Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961). However, his discretion is not absolute and may not be exercised so as to impede either party in adequately presenting his case. United States v. Lowrie, 246 F.2d 472 (4th Cir. 1957); State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207 (1962). Appellant City was not allowed to adequately present its case.

There is no issue present here concerning the admissibility of an opinion by the expert based on the elements considered by him. Nothing is involved beyond the trial court's exclusion of the expert's opinion because he had not been inside the premises, and because he had no direct knowledge of items of income and expense used as a basis for his opinion. The record is clear that the testimony of Rogers was not based on conjecture, speculation or surmise, as, indeed, it could not be and be entitled to be admitted. See Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962).

The rule with respect to the admissibility of hearsay evidence of expert witnesses in condemnation cases has been relaxed. Annot. 12 A.L.R.3d 1064 and 95 A.L.R.2d 1217. Such cases are recognized as special proceedings because of the practicalities present in developing proof of value through an expert. State ex rel. State Highway Commission v. Burks, 79 N.M. 373, 443 P.2d 886 (1968).

In an old case, Pierce v. City of Boston, 164 Mass. 92, 41 N.E. 227 (1895), an expert carpenter was permitted to testify as to the value of a building, even though he had not seen the interior thereof. The court held it was for the jury to determine what weight should be given his testimony. As an expert carpenter and builder, he would have been competent to express an opinion without having seen the house at all.

In Farr v. State Highway Board, 122 Vt. 156, 166 A.2d 187 (1960), it was held that testimony of expert witnesses in condemnation cases, who had not viewed the land, was admissible.

In Iowa Development Co. v. Iowa State Highway Com'n, 255 Iowa 292, 122 N.W. 2d 323 (1963), it was held:

"* * * The rule as to competency of value witnesses is to be liberally construed in favor of admissibility and if there is evidence of knowledge of values the extent of the witness qualifications ordinarily goes to the weight of the evidence rather than to its admissibility. * * *."

Compare State ex rel. Morrison v. Jay Six Cattle Co., 88 Ariz. 97, 353 P.2d 185 (1960); State Highway Com'r v. National Fireproofing Corp., 127 N.J.L. 346, 22 A.2d 268 (1941).

It was error for the trial court to refuse to allow Rogers to testify. Compare, State v. Chavez (decided June 9, 1969), 80 N.M. 394, 456 P.2d 868 (1969). Likewise, under the circumstances, it was error to direct a verdict against the City of Santa Fe.

The case is reversed and remanded to the trial court with direction to reinstate

the cause on the docket, afford the City of Santa Fe a new trial, and proceed in a manner consistent with this opinion.

It is so ordered.

MOISE and COMPTON, JJ., concur.