468 P.2d 413

STATE of New Mexico ex rel. STATE
HIGHWAY COMMISSION, Plain-
tiff-Appellee,

v.

Richard B. MARTINEZ, Defendant-
Appellant.

No. 8893.

Supreme Court of New Mexico.

April 20, 1970.

Rehearing Denied May 4, 1970.

as it was left here, it's an improper basis for you in making your determination, so you will disregard Mr. Yoder's testimony."

The only point relied on by Martinez on appeal is that the court erred in striking all of the testimony of Yoder.

■ We believe that the testimony of Yoder was admissible. Counsel for Martinez had previously explained its purpose and that the appraiser would apply to it the allowance for depreciation which was done. Yoder's qualifications as an experienced building contractor in Gallup, to testify to current costs of replacement were not questioned. No objection was made to any of Yoder's testimony. In every case where replacement or reproduction costs are a proper element in determining market value, a proper deduction must be made for depreciation. United States v. Boston, C. C. & N. Y. Canal Co., 271 F. 877 (1st Cir. 1921); Bridges v. Alaska Housing Authority, 375 P.2d 696 (Alaska 1962); State ex rel. State Highway Commission v. Cone, 338 S.W.2d 22 (Mo.1960); State Highway Commission v. Tubbs, 147 Mont. 296, 411 P.2d 739 (1966); 5 Nichols, Eminent Domain § 20.3 (3d Ed.1969). But we have found no authority, and none has been cited to us, which requires that the replacement cost and the depreciation factor must necessarily be testified to by the same witness. In McGaw v. Mayor & City Council, 131 Md. 430, 102 A. 544 (1917), the property owner's expert witness, a contractor, testified to building costs and no evidence whatever was presented by the property owner concerning depreciation. However, the condemnor City, by its expert witness, applied a depreciation factor to its cost evidence, and the court held that the property owner should have been permitted to have the jury consider his cost figures as affected by the City's depreciation factor.

■ The State argues that Yoder's testimony was improper because it placed too much emphasis on the single factor of replacement cost, without simultaneously applying a depreciation factor, and that the

Bigbee & Byrd, F. Joel Roth, Santa Fe, for defendant-appellant.

James A. Maloney, Atty. Gen., Peter M. McDevitt, Sp. Asst. Atty. Gen., Gallup, for plaintiff-appellee.

## OPINION

SISK, Justice.

Defendant, Richard B. Martinez, appeals from a judgment entered in his favor against the State Highway Commission, based on a jury verdict of $13,500 in a condemnation action. Certain land and improvements, consisting of a commercial building, a residence, and an unattached garage, owned by him in Gallup, New Mexico, were completely taken for highway purposes.

In determining the market value of the property taken, the expert appraisers for both Martinez and the State placed the major emphasis on the "cost of reproduction less depreciation plus land value" approach. Counsel for Martinez in his opening statement informed the jury that a local contractor, Roy Yoder, would testify concerning the cost of reproduction of the improvements on the property, and that an expert appraiser, Jess Hodge, would apply a depreciation factor to such costs and testify as to the land value.

The State made no objection to any of Yoder's direct testimony, but after its cross-examination and in the absence of the jury, the State moved that all of Yoder's testimony be stricken on the ground that he used an improper basis for his cost estimate. The court granted the motion and instructed the jury as follows:

"Ladies and gentlemen of the jury, we'll resume the trial now. Upon the motion of counsel for the State, the testimony of Mr. Roy Yoder is going to be stricken, and you are instructed to disregard it, because as it came in and

jury would be unduly impressed with that single factor, to the prejudice of the State. Any possible prejudice in that regard could have been eliminated by a proper instruction as to how the figures were to be used rather than by striking Yoder's testimony. The court correctly noted to counsel that appraiser Hodge could have used Yoder's estimates as hearsay evidence of reproduction costs, which was subsequently done. In fact, both appraisers, for the State and for Martinez, properly utilized hearsay evidence in testifying to cost of reproduction of the improvements, and then applied their depreciation factor and added their appraisal value of the land. If Yoder's estimates were admissible as hearsay, it was not necessarily improper to offer them by direct evidence.

█ Although Yoder' testimony was not inadmissible, the court's action in striking it did not constitute reversible error. The court did not say or imply to the jury that Yoder's figures were erroneous, but rather that they were to disregard his testimony because " * * * as it came in and as it was left here, it's an improper basis for you in making your determination. * * * "

█ The trial court has broad discretion in passing on the admissibility of opinion evidence in condemnation cases, and in the absence of an abuse of that discretion its ruling will be upheld. City of Santa Fe v. Gonzales, 80 N.M. 401, 456 P.2d 875 (1969).

Yoder had testified that the replacement cost of the commercial building was $12 per square foot, $7 per square foot for the residence, and $4 per square foot for the garage. Martinez's expert appraiser, Hodge, during his extensive direct and cross-examination, applied these identical figures, except that his opinion as to the replacement cost of the residence was seven to nine dollars compared to Yoder's seven dollars per square foot.

Martinez argues that the jury had no alternative but to disregard Hodge's replacement cost figures and to use the lower figures of the State's appraiser. Only

his speculation and not the evidence, would support that contention. Hodge made it very clear in his direct examination that in arriving at his replacement costs he talked to local contractors George Techima, Johnny Bertinetti, and Charles High, as well as to Yoder; he talked to local materialmen to get costs of material; and he also used a trade periodical.

█ It should also be noted that testimony concerning replacement costs of improvements was only a minor portion of the lengthy testimony of the expert appraisers for both Martinez and the State. Their testimony concerning the proper depreciation value to be applied differed greatly, as did their opinions as to land values. Both appraisers also testified briefly concerning income capitalization and comparable market approaches to determine the market value of the property. We cannot speculate that the jury's award, which was between the total market value amounts of the two appraisers, though much closer to that of the State's appraiser, was the result of the striking of Yoder's testimony.

██ A motion to strike testimony admitted without objection is discretionary with the court. Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961); Priestley v. Law, 33 N.M. 176, 262 P. 931 (1928); State v. Blacklock, 23 N.M. 251, 167 P. 714 (1917). In Transwestern, we noted that a motion to strike must generally be denied when some of the evidence was proper. But this does not mean that striking admissible evidence necessarily constitutes reversible error. Prude v. Lewis, 78 N.M. 256, 430 P.2d 753 (1967); Johnson v. Nickels, 66 N.M. 181, 344 P.2d 697 (1959).

In City of Santa Fe v. Gonzales, supra, the court refused to permit the expert appraiser to testify concerning the value of the property solely because he had not been inside the improvements, and the condemnor was left without any expert testimony concerning market value of the

property. We held the court's ruling to be reversible error and said:

"We recognize the settled rule that a broad discretion is vested in the trial court in passing on the admissibility of opinion evidence in cases such as this, and, ordinarily, its rulings will not be disturbed on appeal. * * * However, his discretion is not absolute and may not be exercised so as to impede either party in adequately presenting his case. * * * Appellant City was not allowed to adequately present its case."

In our case, unlike City of Santa Fe, there was other testimony admitted which was almost identical to, and much more detailed and specific than the testimony which was stricken. Although Martinez was prevented from presenting his case in the precise manner intended it cannot be said that he "was not allowed to adequately present" his case.

Any error in instructing the jury to disregard Yoder's testimony because it was an improper basis for their determination "as it came in" was cured by a ruling of the court during the cross-examination of appraiser Hodge, who had testified that Yoder affected his value. When Hodge was asked if he knew Yoder's testimony was ruled out, objection was made, and the court ruled: "It has nothing to do with the use of it, sustained." Thus, when the stricken testimony of Yoder "came in" in a different way, through the expert witness Hodge, the court sustained the objection by Martinez and informed the jury that his previous striking of Yoder's testimony had nothing to do with the use of such testimony by the expert appraiser.

What we have said concerning lack of reversible error also applies to the argument by Martinez that Yoder's physical description of the property was admissible, with which we agree. But both Martinez himself and appraiser Hodge testified to personal knowledge of the physical description of the property, and striking Yoder's testimony on the same matter was not an abuse of discretion nor prejudicial error.

The broad discretion vested in trial courts in condemnation cases should permit the court to limit cumulative or repetitious testimony from a number of witnesses concerning the same elements of value or the description of the property, unless the party offering the testimony is clearly prejudiced by the court's exercise of this discretion.

It should also be noted that the court gave all of the appropriate New Mexico Uniform Jury Instructions applicable to this condemnation case. We cannot indulge in conjecture or speculation concerning the basis for the jury's award, and must assume that the jury followed such instructions, including U.J.I. No. 15.1 pertaining to the weight to be given to expert opinion. In re Estate of Cory, Iowa, 169 N.W.2d 837 (1969); Bateman v. Glenn, 459 P.2d 854 (Okla. 1969); Myers v. Harter, 76 Wash.2d 940, 459 P.2d 25 (1969).

No reversible error having been established, the judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.