504 P.2d 634

STATE of New Mexico ex rel. STATE HIGH-WAY COMMISSION of New Mexico, Petitioner-Appellant and Cross-Appellee,

v.

HESSELDEN INVESTMENT CO., Defendant-Appellee and Cross-Appellant.

No. 9347.

Supreme Court of New Mexico.

Nov. 3, 1972.

Rehearing Denied Jan. 4, 1973.

David L. Norvell, Atty. Gen., E. E. Chavez, Chief Counsel, State Highway Dept., George D. Sheldon, Richard T. Whitley, State Highway Dept. Asst. Attys. Gen., Santa Fe, for appellant and cross-appellee.

James H. Foley, Jack Smith, Edwin E. Piper, Jr., Albuquerque, for appellee and cross-appellant.

## OPINION

EDWIN L. FELTER, District Judge.

The State Highway Commission of New Mexico, Appellant, Cross-Appellee, condemnor, filed its Petition in eminent domain against, among others, Hesselden Investment Co., Appellee, Cross-Appellant, condemnee on February 9, 1968, in the District Court of Torrance County. An Order Making Preliminary Order of Entry Permanent was made and entered by the trial court on March 5, 1968.

From the verdict of the jury awarding damages to condemnee and the judgment thereon, condemnor has taken this appeal, contending, inter alia, that the "date of

taking" was the date of filing, i. e., February 9, 1968, and not the date of the Order of Entry which was made permanent on March 5, 1968. Condemnor then asserts that the trial court erroneously adopted for the measure of damages, a law not yet in effect on the "date of taking," purportedly February 9, 1968. The statute in question, reciting the measure of damages and applicable to a partial taking, as is here the case, is Section 22–9–9.1, N.M.S.A., 1953, being N.M. Laws 1968, Section 1, Ch. 30, passed with the emergency clause, approved and effective as of February 19, 1968. The full text of this statute is as follows:

"In any condemnation proceeding in which there is a partial taking of property, the measure of compensation and damages resulting from the taking shall be the difference between the fair market value of the entire property immediately before the taking and the fair market value of the property remaining immediately after the taking. In determining such difference, all elements which would enhance or diminish the fair market value before and after the taking shall be considered even though some of the damages sustained by the remaining property, in themselves, might otherwise be deemed noncompensable."

Clearly and logically the "date of taking" was the date on which the condemnor became vested with the legal right to possession, dominion and control over the real estate being condemned. This date was March 5, 1968, the date the Order Making Preliminary Order of Entry Permanent was made and entered. State ex rel. State Highway Commission v. Burks, 79 N.M. 373, 443 P.2d 866 (1968). "Valuation date," or the date as of which damages are assessed, fixed or determined, is different, separate and distinct from the "date of taking." "Valuation date" is fixed by Section 22–9–52(A), N.M.S.A. 1953, as the date of filing the Petition in Condemnation. As stated in State ex rel. State Highway Commission v. Grenko, 80

N.M. 691, 460 P.2d 56 (1969), the reason that most eminent domain statutes fix the time as of which property taken or damaged is to be valued is that values of real estate are not constant and sometimes change greatly before proceedings are completed. The reasoning which compels this rule is not applicable to the non-fluctuating rule or measure of damages in a condemnation case and furnishes no basis for equating the valuation date with the date of taking. We hold that Section 22–9–9.1, N.M.S.A.1953, correctly states the measure of damages applicable to the partial taking in this case, and was in effect on the date of taking.

Condemnor asserts that to give effect to the language of Section 22–9–9.1, N.M.S.A.1953, amounts to changing the rule during the pendency of a case in violation of. Article IV, Section 34 of the New Mexico Constitution. We reject this contention. In the first instance, Section 22–9–9.1, supra, is a new statute which did not and does not alter, amend or modify any other existing statutes. It merely codifies the correct and existing rule or measure of damages in cases of a partial taking, in harmony and compliance with the payment of just compensation for the taking of private property as required by Article II, Section 20 of the New Mexico Constitution. To the extent that any prior decisions may have excluded properly compensable elements of damage and thereby resulted in a lesser amount of compensation, they did not follow the correct and existing rule as to the measure of damages necessary to achieve just compensation required by the Constitution of New Mexico, and are hereby specifically reversed.

We find without merit any of the claims of the condemnor that the application of Section 22–9–9.1, supra, denies equal protection of the law, is vague, indefinite and uncertain, amounts to an unauthorized donation and is violative of the constitutional requirement of separation of the powers of government. All such arguments are specious and fail to find support

in the law. Indeed, laws such as Section 22-9-9.1, supra, are completely compatible with recognized authority upon the subject. See 3 Nichols on Eminent Domain § 8.9 (3rd Ed.1965) and the Annotation 145 ALR 17. Also, People v. Ricciardi, 23 Cal.2d 390, 144 P.2d 799 (1943); State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960); State by Mondale v. Gannons, 275 Minn. 14, 145 N.W.2d 321 (1966); Mueller v. New Jersey Highway Authority, 59 N.J.Super. 583, 158 A.2d 343 (1960).

Quite apart from the foregoing reasons, we said In re Hickok's Will, 61 N.M. 204, 297 P.2d 866 (1956):

> "It is certain that this Court does not sit to decide abstract questions (citations omitted). Further, we have held time and again we would not 'sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected by the legislative act on the particular ground complained of.' (Citations omitted)."

Appellant, State of New Mexico, ex rel. State Highway Commission of New Mexico does not set out any claim to be, nor do we perceive how it could be adversely affected by the legislative act on the constitutional grounds complained of by it.

Moreover, the raising of these constitutional questions by appellant, a ministerial board of the state, is of questionable propriety. State ex rel. Davidson v. Sedillo, 34 N.M. 1, 275 P. 765 (1929) was a mandamus action in which a county treasurer, having collected taxes, declined to forward the funds to the state treasurer. The action, in which he contended the statute requiring him to forward the funds was unconstitutional, sought to compel him to do so.

The court stated the question to be:

> "Has a ministerial officer the right or power to declare an act unconstitutional or to raise the question of its unconstitutionality without showing that he will be injured in person, property, or rights by its enforcement?"

The answer was "no." The court, after reviewing numerous authorities on the subject held that, predicated upon governmental policy, ministerial officers were virtually prohibited from challenging the constitutionality of a legislative act, except where the officer is personally interested.

Hutcheson v. Gonzales, 41 N.M. 474, 71 P.2d 140 (1937) was a mandamus action against the secretary of state to compel her to comply with a legislative act in relation to a special election. The respondent contended the statute in question was unconstitutional. This court said:

> "The defendant, as a public officer of the state not showing in her answer that she is either injured or jeopardized by the operation of the enactment and being a state official acting in a purely ministerial capacity, cannot be heard to question the constitutionality of such enactment. See State ex rel. Davidson v. Sedillo, 34 N.M. 1, 275 P. 765."

See also State ex rel. Overton v. New Mexico State Tax Commission, 81 N.M. 28, 462 P.2d 613 (1969).

We see no reason why the same rule should not prevail as to a ministerial board. Appellant condemnor is without standing to question the constitutionality of Section 22-9-9.1, supra.

In view of the foregoing decisions, it is obvious that the trial court did not err in giving its jury instruction No. 9 and in refusing Petitioner's requested instructions Nos. 1 to 17, inclusive. The instruction so given correctly sets out loss of view, impaired ingress and egress and circuitous indirect access as compensable consequential elements of damage in a partial taking, whereas, the requested instructions 1 to 17 inclusive, would deny just compensation unto the condemnee for those consequential elements of damage, contrary to Section 22-9-9.1, supra, and Article II, Section 20, N.M. Constitution.

■ We find that the Cross-Appeal of the condemnee is without merit. The verdict of the jury awarded damages in keeping with the evidence in the case and the instructions of the trial court as to the measure of damages. Cross-Appellant's objection to the evidence and instructions upon which it bases the Cross-Appeal, that the lowest award justified by the evidence is more than the amount of the verdict, would void and strike the opinions of condemnor's expert witnesses. Such objections validly go to the weight of such opinions rather than their admissibility, and, therefore, were for the jury to resolve.

The Cross-Appeal is dismissed and the judgment of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.