872 P.2d 371

**COUNTY OF BERNALILLO,**
**Petitioner–Appellant,**

v.

**Robert A. MORRIS, Jr., and The Ramar Group; Uptown Associates, Ltd.; City of Albuquerque; Sunwest Bank of Albuquerque, N.A.; Property Tax Division of Taxation and Revenue Department; and Board of County Commissioners, County Assessor, County Clerk, and County Treasurer, all of Bernalillo County, New Mexico, Respondents–Appellees.**

No. 14777.

Court of Appeals of New Mexico.

March 11, 1994.

Certiorari Denied April 14, 1994.

Albert T. Ussery, Ussery & Parrish, P.A., Jack L. Love, Love & McClelland, Albuquerque, for petitioner-appellant.

Floyd Wilson, Wilson & Pryor, P.C., Albuquerque, for respondent-appellee Uptown Associates, Ltd.

## OPINION

APODACA, Judge.

The County of Bernalillo (County) appeals the trial court's order denying the County's motion to dismiss its own condemnation proceeding and the court's order denying the County's motion for partial summary judgment on the issue of damages. Although all Respondents listed above are shown on the County's appeal as Appellees, only Uptown Associates, Ltd. (Uptown), has responded to the appeal. The dispositive issue raised on appeal involves the question of when a condemnor loses the right to unilaterally abandon condemnation proceedings brought under the special alternative condemnation procedure. NMSA 1978, §§ 42–2–1 to –24 (Orig.Pamp. & Cum.Supp.1993). We hold that the trial court erred in denying the County's motion to dismiss the condemnation proceeding and therefore reverse. In light of our holding, we need not address the question of whether the trial court erred in denying the County's motion for partial summary judgment.

## BACKGROUND

The County filed the condemnation proceeding pursuant to the special alternative condemnation procedure as part of a project to improve Tramway Boulevard (Tramway). Uptown owns a 12.5–acre tract of land in the vicinity. The County sought to acquire approximately one-sixth of an acre of Uptown's parcel. The County estimated that the damages to Uptown would be approximately $48,-000. Uptown claimed damages of more than $1.5 million, including damages to the remainder of the parcel based on the relocation of Tramway.

A permanent order of entry was entered in December 1990 under Section 42–2–6(C), although the County never physically occupied the land. In May 1992, shortly after receiving Uptown's claim for damages, the County reconsidered its taking of the one-sixth acre and moved to dismiss the action. As part of its motion, the County indicated it was not requesting return of the more than $45,000 deposited as part of the proceeding and invited the trial court to impose whatever terms it deemed just, including the payment of costs, attorney fees, and other expenses of litigation. Alternatively, the County moved for partial summary judgment to preclude Uptown from claiming damages relating to the relocation of Tramway. The trial court denied the motion to dismiss, reasoning that the taking was complete when the permanent order of entry was entered and that the only issue remaining was on the amount of damages. It also denied the motion for partial summary judgment and, based on the law applied to partial takings, determined that Uptown was entitled to damages to the remainder of the tract based on the relocation of Tramway. We granted the County's application for interlocutory appeal. We reverse the trial court's denial of the County's motion to dismiss.

## DISCUSSION

This appeal requires an interpretation of statutes relating to the special alternative condemnation procedure. *See generally* 6 Julius L. Sackman, *Nichols' The Law of Eminent Domain* § 26.42 (rev. 3d ed. 1993) (*Nichols'*). Because the statutory procedure does not explicitly define when a condemnor may no longer unilaterally abandon the proceedings, we review the general statutory

scheme relating to condemnation under eminent domain.

The County, as a subdivision of the State, may use the special alternative condemnation procedure to acquire, either temporarily or permanently, real estate deemed necessary or desirable for public roads, streets, or highways. *See* §§ 42–2–2 & –3 (Cum.Supp.1993). The special procedure, enacted in 1959, "shall be in addition to any other condemnation procedure now in effect and shall not be construed as repealing or amending such procedure by implication." Section 42–2–1. The special procedure provides for a preliminary order allowing the County immediately to enter the land sought to be condemned. Section 42–2–6(A). It also provides for a surety bond to pay for the value of the land taken and any damages if the land is condemned, and "to pay all damages arising from the occupation before judgment in case the premises are not condemned." Section 42–2–6(B).

█ After notice and an opportunity to be heard, the trial court may make the preliminary order of entry permanent and "all subsequent proceedings shall only affect the amount of compensation allowable." Section 42–2–6(C). It appears that the legislature contemplated the abandonment of proceedings because:

> [W]henever just compensation shall be ascertained and awarded in such proceeding and established by judgment, the judgment shall include as a part of the just compensation awarded, interest at the rate of six percent a year from the date of the date the petition is filed to the date of payment *or the date when the proceedings are finally abandoned*[.]

Section 42–2–15(B) (emphasis added). Additionally, title or interest in the property does not vest in the condemnor until full payment has been made in accordance with the judgment. Section 42–2–16.

The issue presented to us appears to be one of first impression because no New Mexico case law that we have found is directly on point. In *State ex rel. State Highway Commission v. Burks*, 79 N.M. 373, 443 P.2d 866 (1968), our Supreme Court construed the predecessor to the special alternative condemnation procedure. The landowner sought to have the condemnation proceedings dismissed under the rules of civil procedure based on the condemnor's failure to prosecute. *Id.* *Burks* determined that the rules of civil procedure were inconsistent with the special alternative condemnation procedure and therefore inapplicable. *Id.* at 374, 443 P.2d at 867. The trial court was prohibited from dismissing the action. *Id.* at 375, 443 P.2d at 868. In reaching this determination, the Court stated that "[t]he taking of the property [was] complete when the order of entry [was] made permanent," *id.* at 374, 443 P.2d at 867, relying on the statutory language that "'subsequent proceedings shall only affect the amount of compensation allowable.'" *Id.* (quoting NMSA 1959, § 22–9–43(C) (Supp.1967). At issue in *Burks* was the landowner's right to proceed under the rules of civil procedure in seeking a mandatory dismissal of a condemnation proceeding, not a determination of when the condemnor's right to abandon the proceeding terminated. *See also State ex rel. State Highway Comm'n v. Hesselden Inv. Co.*, 84 N.M. 424, 426, 504 P.2d 634, 636 (1972) (relying on *Burks*, defined the date of taking as the date when the condemnor is vested in the right to possess and control the property, which is the date the order of entry is made permanent).

In *State ex rel. State Highway Department v. Yurcic*, 85 N.M. 220, 511 P.2d 546 (1973), our Supreme Court determined that, because the permanent order of entry had never been entered, there had been no taking. The Court affirmed the trial court's order granting the condemnor's motion to dismiss. *Id.* at 222, 511 P.2d at 548. Recently, our Supreme Court modified the holdings of *Hesselden* and *Yurcic* by holding that "the date the preliminary order becomes effective is the proper date to use in assessing the value of property taken under the Special Alternative Condemnation Procedure and, therefore, in fixing the compensation to which the owner is constitutionally entitled." *County of Dona Ana v. Bennett*, 116 N.M. 778, 782–783, 867 P.2d 1160, 1164–1165 (N.M. 1994). However, neither *Yurcic* nor *Bennett* addressed the issue before this Court, which is whether a condemnor can unilaterally

abandon a condemnation proceeding after the date the preliminary order becomes effective.

Our Supreme Court also has held that, when the condemnor is the state or a political subdivision, the condemnor should be allowed to mitigate damages by limiting its rights to the property taken. *See State ex rel. State Highway Comm'n v. Grenko,* 80 N.M. 691, 693–94, 460 P.2d 56, 58–59 (1969). In *Grenko,* the condemnor was allowed to amend its pleadings at trial and after entry of the permanent order of entry, to limit the extent of its condemnation. *Id.* at 692, 460 P.2d at 57. During trial, the condemnor had discovered that the remaining tract would be landlocked, which would greatly increase the damages to the landowner, unless the condemnor provided for an easement and extension of a county road to provide access to the remaining land. *Id.* The amendment allowed the condemnor to limit its right to the property by providing for this easement and construction of the county road extension. *Id.*

Uptown contends that allowing the County to unilaterally abandon the proceeding after the permanent order of entry has been entered is inconsistent with the language in Section 42–2–6(C), and with *Burks, Hesselden,* and *Yurcic.* It also maintains that such allowance is a violation of the constitutional guarantee of just compensation. This argument is based largely on the proposition that condemnation proceedings cannot be discontinued once the taking is complete. *See Nichols'* § 26.42.

Uptown relies in part on the language in *Chicago, Milwaukee & St. Paul Railroad v. Wisconsin,* 238 U.S. 491, 500, 35 S.Ct. 869, 872, 59 L.Ed. 1423 (1915), which states that "the taking and a fixed right to compensation must coincide, though in some cases the time for payment may be delayed." *Chicago, Milwaukee & St. Paul Railroad* concerned the constitutionality of a Wisconsin statute seeking to regulate the lowering of upper berths in sleeping cars when only the lower berth was occupied. *Id.* at 492–93, 35 S.Ct. at 871. The United States Supreme Court determined the statute constituted a taking of property because the railroad could charge

separately for each space or a combined rate for the entire section. *Id.* at 499–500, 35 S.Ct. at 872. The statement that the taking and a fixed right to compensation must coincide responded to the railroad's argument that the taking without compensation could be justified on the railroad's attempting to secure a future increase in the rates it could charge for the space. *Id.* at 500, 35 S.Ct. at 872.

█ Although we recognize that the United States and New Mexico constitutions guarantee the payment of just compensation for the taking of land, U.S. Const. amend. V; N.M. Const. art. II, § 20, we are not persuaded that the landowner's right to compensation, which coincides with the entry of the permanent order of entry under New Mexico case law, necessarily determines when a condemnor may no longer unilaterally abandon the proceedings. Instead, we are persuaded that the better approach is to allow the abandonment of proceedings anytime before the entry of a final judgment confirming the compensation award. *See Nichols'* § 26.42. Although the language in *Burks,* if taken at face value, would seem contrary to this result, because that case considered only whether the taking was complete in the context of whether the landowner was entitled to mandatory dismissal after the entry of a permanent order of entry, we conclude that *Burks* does not preclude the more reasonable and equitable approach we adopt in this opinion.

We believe such an approach would be consistent with the legislative scheme. As we noted earlier, the special alternative condemnation procedure contemplates some circumstances where the property is not condemned. *See* §§ 42–2–6 & –15. We recognize that Section 42–2–6(C) states that proceedings after the filing of the permanent order of entry shall concern only the amount of compensation to be awarded. We do not read this section to limit the condemnor's right to abandon proceedings, but read it to prohibit litigation of issues such as whether the condemnor has a right to condemn the property. *See also* NMSA 1978, § 42–1–6 (1915 statute containing identical language within legislation codifying the law on emi-

nent domain generally). Although Section 42-2-6(C) was not explicitly considered in *Grenko* (where the primary issue concerned the amount of damages to be awarded), by permitting the condemnor to amend its pleadings, *Grenko* implicitly recognized that the proceedings required sufficient flexibility to allow the condemnor to respond to new developments. Our holding that the condemnor can mitigate damages by abandoning the proceeding does not conflict with *Bennett.* *Bennett* simply determines the date on which the value of the property taken is established. *Bennett,* 116 N.M. at 781, 867 P.2d at 1163. It does not hold that a condemnor may not transform a permanent taking into a temporary taking to mitigate damages, nor does *Bennett* affect the holding in *Grenko* allowing a condemnor to limit the extent of its condemnation for the purpose of mitigating damages. Allowing the condemnor to mitigate its damages by withdrawing its right to take the property altogether is merely a logical extension of the rationale in *Grenko* and is in keeping with sound public policy to avoid unnecessary expenditure of public funds.

This approach is also consistent with the later legislative enactment embodied in the Eminent Domain Code. NMSA 1978, §§ 42A–1–1 to –33 (Repl.Pamp.1981 & Cum. Supp.1993). In this code, enacted in 1981, the legislature explicitly stated that taking possession pursuant to the Eminent Domain Code does not waive the condemnor's "right to appeal from the judgment, the right to abandon or the right to request a new trial." Section 42A–1–23. The code also provides for the payment of litigation expenses if the condemnor abandons the proceeding. Section 42A–1–25(A)(1).

■ We do not propose to determine that a condemnor's right to abandon the proceedings is limitless. Other jurisdictions have determined that the right is lost after final judgment is entered, the right to title has vested, payment in full made to the landowner, or the running of a statute of limitations imposed by the legislature. *See generally Nichols'* § 26.42. The right to abandon proceedings also is subject to the constitutional requirement that the landown-er be compensated for any taking, whether temporary or permanent, *see* U.S. Const. amend. V; N.M. Const. art. II, § 20, and to equitable considerations of other damages to the landowner. *See, e.g., First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 313–22, 107 S.Ct. 2378, 2384–89, 96 L.Ed.2d 250 (1987) (landowner was entitled to compensation for a temporary regulatory taking). It is sufficient in this case to determine that the County could unilaterally abandon the condemnation proceedings against Uptown, despite the entry of the permanent order of entry, subject to paying compensation for the temporary taking that occurred and other expenses necessary to do equity.

■ We therefore reverse and remand for the entry of an order that allows the County to dismiss the condemnation proceeding against Uptown and that assesses damages based on the temporary taking and other expenses necessary to return Uptown to its position before the condemnation proceeding was commenced against it. *See generally Nichols'* § 26.45; Annotation, *Liability, upon Abandonment of Eminent Domain Proceedings, for Loss or Expenses Incurred by Property Owner, or for Interest on Award or Judgment,* 92 A.L.R.2d 355 (1963). In assessing these damages and expenses, however, the trial court shall not award any damages for any reduction in value to Uptown's property based solely on the relocation of Tramway. Because there is no permanent taking of its property, Uptown has no right to any incidental damages to what would have otherwise been the remainder of Uptown's property. *Cf.* § 42A–1–26 (setting out the measure of damages to remainder after a partial condemnation). *See Yurcic,* 85 N.M. at 222, 511 P.2d at 548 (where there is no taking, there is no right to compensation).

Because the County is entitled to a dismissal of the condemnation proceeding against Uptown, we need not consider the trial court's denial of the County's motion for partial summary judgment concerning the proper measure of damages if there had been a permanent taking.

## CONCLUSION

The order denying the County's motion to dismiss is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. We deny the County's request for oral argument as unnecessary. The parties shall bear their own costs on appeal.

**IT IS SO ORDERED.**

ALARID and FLORES, JJ., concur.