591 P.2d 683

**Leonard E. McCRARY,
Plaintiff-Appellant,**

v.

**BILL McCARTY CONSTRUCTION CO.,
INC., a New Mexico Corporation,
Defendant-Appellee.**

**No. 3413.**

Court of Appeals of New Mexico.

Feb. 6, 1979.

Michael D. Bustamante, Ortega & Snead, Albuquerque, for plaintiff-appellant.

R. E. Thompson, Bob F. Turner, Atwood, Malone, Mann & Cooter, P. A., Roswell, for defendant-appellee.

OPINION

HENDLEY, Judge.

Plaintiff appeals an adverse jury verdict in a personal injury action. Plaintiff was constructing a home. He cleared the lot of small trees. In removing the trees, he cut them so that there were pointed stumps two to six inches high. Plaintiff ordered fill-dirt from defendant. Upon arriving at the site, defendant's employee expressed concern that he might ruin a tire if he ran over one of the pointed stumps. Defendant's employee testified that plaintiff undertook to guide him as he backed up to dump the dirt. Plaintiff testified that he did not direct defendant's truck in backing up and that the driver undertook this on his own. The right inside dual struck a stump causing it to blow out. The explosion caused dirt to strike plaintiff in the eyes and face.

This was a bifurcated trial on the issue of liability. Plaintiff's four issues on appeal concern (1) denial of a motion for a continuance, (2) bifurcating the issues of liability and damages, (3) modifying U.J.I. Instruction 10.6 without stating reasons, and (4) modifying U.J.I. Instruction 9.5 and 13.1 without stating reasons.

*Continuance and Bifurcation*

Plaintiff's first two issues are interwoven. On July 19, 1977, the parties were notified that the trial was set for September 26, 1977. The pretrial order did not contain the names of Ms. Swanke or Doctor Dillerman. On September 1, 1977, plaintiff's motion was granted to amend his prayer for additional damages. This necessitated the need for Ms. Swanke's testimony. Her deposition in Oklahoma was scheduled for September 8, 1977. She refused to appear. Plaintiff rescheduled the deposition for September 22, 1977. Defendant obtained an ex parte protective order from a different judge. A hearing on the protective order was set for September 26, 1977, when the trial judge would return.

Plaintiff moved for a continuance listing as grounds the inability to depose Ms. Swanke and the unavailability of Doctor Dillerman. In discussing the motion, the trial court stated:

"It goes solely to the question of damages, does it? Gentlemen, this case has been on the docket since April 22, 1975, back to September 23, 1972. The pre-trial, July 18, 1977, the pre-trial was entered.

"There was subsequent conference in the latter part of August, the 25th, I believe. I believe we got together at that time.

\* \* \* \* \* \*

"And I fail to see how we can run into all of these difficulties that we run into in this case. At this late date, all of the ongoing discovery should have taken place."

The trial court then denied the motion for continuance and bifurcated the trial. The trial court stated that if liability was found, then a trial would be set on the issue of damages and plaintiff would then have an opportunity to secure his damages testimony.

■ The granting or denying of a motion for a continuance is within the discretion of the trial court and will only be reviewed for an abuse of discretion. *Tenorio v. Nolen*, 80 N.M. 529, 458 P.2d 604 (Ct.App.1969).

Bifurcation of trial issues is pursuant to N.M.R.Civ.P. 42(b), Rules Vol. N.M.S.A. 1978, which states:

"*Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right of trial by jury given to any party as a constitutional right."

■ The bifurcation of a trial is also within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Mendenhall v. Vandeventer*, 61 N.M. 277, 299 P.2d 457 (1956).

■ Under the circumstances of this case, the trial court did not abuse its discretion in bifurcating the trial and in denying the motion for continuance. The bifurcation was in the interest of "expedition and economy." The denial of the continuance did not prejudice plaintiff since the deposition of Ms. Swanke and unavailability of Doctor Dillerman would not be germane to the issue of liability. Their testimony would only go to the extent of the injury and damages. Plaintiff's contention that Doctor Dillerman's testimony was essential, since the jury would not know there was an injury, is without merit. The jury was instructed that plaintiff sustained an injury.

### Instruction No. 11

Instruction No. 11 reads as follows:

"The *Plaintiff* Leonard E. McCrary owed the Defendant Bill McCarty Construction Co., Inc. the duty to exercise ordinary care to keep the property reasonably safe for use by the *Defendant* Bill McCarty Construction Co., Inc. and its employees."

(Emphasis added.)

U.J.I. Civil 10.6 reads as follows:

"The *defendant* owed the plaintiff the duty to exercise ordinary care to keep the property reasonably safe for use by the *plaintiff*."

(Emphasis added.)

The only visible difference between the two instructions is the substitution of the duties owed by the plaintiff to defendant.

The Directions for Use Note for U.J.I. Civil 10.6 states in part:

"This instruction is to be distinguished from UJI 10.2 and UJI 10.3 and is to be used only in case of a business visitor. . . . ."

New Mexico Rule of Civil Procedure, N.M.R.Civ.P. 51(1)(c), N.M.S.A. 1978 states:

"Whenever New Mexico Uniform Jury Instructions (U.J.I.) prepared by the New Mexico Supreme Court Committee on Uniform Jury Instructions and approved by the Supreme Court for publication

contains an instruction applicable in the case and the trial court determines that the jury should be instructed on the subject, the U.J.I. instruction shall be used unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons."

■ In *Anderson v. Welsh*, 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974) this court, in interpreting Rule 51(1)(c), found that failure to comply with its provisions constitutes simple error. However, that error is reversible error *only* if the complaining party is prejudiced by the non-compliance and substantial rights have been harmed. *Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970). The slightest evidence of prejudice is sufficient, and all doubts will be resolved in favor of the complaining party. *Anderson*, supra.

■■ It is without question that a landowner owes the duty to exercise ordinary care to keep the property reasonably safe for the use of a business invitee. See New Mexico Digest, Negligence, Key No. 32(1). Generally, those cases involve the situation where the plaintiff is the invitee. However, the Directions for Use Notes of U.J.I. Civil 10.6 does not mandate that plaintiff be the business invitee. From the facts of this case, Instruction No. 11 was a proper instruction because the jury was entitled to know plaintiff's duty of care as a landowner. Without Instruction No. 11 the jury would not have been instructed as to the duty of care by a landowner to a business invitee. Plaintiff was not prejudiced.

Plaintiff contends that Instruction No. 11 is an abstract statement of law. We disagree. As we discussed above, it is without question that a duty is owed by the landowner to a business invitee. The facts in this case supported the giving of the instruction.

■ Plaintiff also asserts that it was error for the trial court to give any instruction beyond its contributory negligence instruction. U.J.I. Civil 13.1 states:

"When I use the expression 'contributory negligence,' I mean negligence on the part of the .plaintiff that proximately contributed to cause the alleged damages of which plaintiff complains."

Plaintiff bases his argument on the fact that U.J.I. Civil 10.6 is a factual instruction outlining what might constitute contributory negligence. U.J.I. Civil 10.6 defines the standard of care to be used by plaintiff when he ordered the dirt to be dumped on his property. It was a proper subject of instruction. The nature of the testimony supported the giving of the Instruction No. 11.

*Instruction No. 14*

Over plaintiff's objection, the trial court gave defendant's requested Instruction No. 14, which states:

"An onlooker may be negligent. An onlooker has a duty to use, for his own safety, such care as an ordinarily prudent person would exercise under the circumstances. An onlooker may not sit idly by and permit himself to be endangered to his injury where there are dangers which are known to him or which reasonably should be known to him.

"If you find that circumstances existed in this case immediately prior to the accident in question which would cause an onlooker exercising ordinary care for his own safety to keep a lookout or warn the driver and that the plaintiff Leonard E. McCrary failed so to do then such failure is negligence."

■ Plaintiff contends this instruction is a modification of U.J.I. Civil 9.5, which is the duty of a passenger in an automobile. We disagree. U.J.I. Civil 9.5 was a modeling point for Instruction No. 14. It was not a modification in the sense that is contemplated by Rule 51(1)(c). U.J.I. Civil does not contain an instruction regarding the duty of an onlooker. Without such an instruction, which was supported by the evidence, the jury would not have a yardstick as to plaintiff's duty. This was a proper instruction and was not a reemphasis of the contributory negligence instruction—U.J.I.

Civil 13.1. This does not mean that instructions on the various legal duties owed to himself or to others are a reemphasis of that definition. The language in *Anderson v. Welsh*, supra, relates to definitions. See also Committee Comments to U.J.I. Civil 13.1. Instruction No. 14 was not such a definition.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (concurring).

I concur:

I should like to state the reasons I concur.

Plaintiff's complaint was filed April 22, 1975 for an accident that occurred September 23, 1972. The limitation period was five months away. The defendant was Bill McCarty d/b/a McCarty Construction Company. The summons was issued the same day and received by the sheriff a month later. Service was made on Bill McCarty, June 2, 1975.

On November 24, 1975, over five months later, the clerk of the district court sent notice to plaintiff's attorney:

*PLEASE* EITHER TRY THIS CASE, PRESENT CLOSING PAPERS IN ADVANCE OF TRIAL DATE OR APPEAR IN PERSON ON THURSDAY, THE 18th DAY OF DECEMBER, 1975, at 9:30 o'clock a. m. at the County Courthouse in Carrizozo, New Mexico.

After two months delay, defendant was allowed to file his answer on February 11, 1976. If plaintiff's attorney had called defendant to inquire about his failure to enter an appearance, 8 months of delay would have been saved.

On March 16, 1976, plaintiff's complaint was amended to substitute Bill McCarty Construction Co., Inc., for Bill McCarty. Defendant filed an answer on March 18, 1976.

On October 18, 1976, plaintiff was granted leave to file a late jury demand.

On July 28, 1977, 8 months later, a pretrial order was entered. Plaintiff listed seven doctors as witnesses.

Plaintiff gave notice on July 15, 1977 that the deposition of Dr. Heath would be taken on July 27, 1977 in Oklahoma City. After defense attorney arrived, plaintiff's attorney called and stated that due to other commitments he was unable to attend. Plaintiff was ordered to pay defendant the sum of $500.00.

On September 1, 1977, plaintiff was allowed to amend his complaint to change the amount of damages from $160,000.00 to $510,000.00.

On September 14, 1977, plaintiff filed a request for admissions on the genuineness of a host of statements for treatment of plaintiff. On September 26, 1977, defendant respectfully and properly refused.

On September 22, 1977, a protective order was entered regarding plaintiff's request to take the deposition of Betty Swanke in Ponca City, Oklahoma for purposes of establishing damages.

On September 23, 1977, plaintiff filed a motion for continuance.

On September 27, 1977, the case came on for jury trial. The motion for continuance was denied.

Two years and four months had passed from the date the complaint was filed to the date of trial. The only witnesses plaintiff had at trial were plaintiff and his wife and the deposition of a physician.

To now claim that the trial court acted beyond the bounds of reason in denying a continuance is frivolous.

On the issue of bifurcation, plaintiff misstates the discretion exercised by the trial court. In its discretion it gave plaintiff a choice: (1) proceed to try the whole case or (2) try the case on liability alone. Plaintiff chose the latter. The discretion exercised by the court was fair and reasonable under the circumstances of this case.

Special concurring opinions are seldom read by district judges and lawyers. Nevertheless, for future reference, I should

like to state my objection to the method used by the district judge in resolving objections made by plaintiff to the two court instructions and the failure of lawyers to seek a ruling. After objections were made, and the court inquired "Anything further, Gentlemen?", the answers were no. The court said:

All right. I'll have the jury brought back in.

The court should rule on the objections made. When non-UJI instructions are given, reasons should be stated. When the court fails in these respects, the lawyers should request the court to perform its duty. Upon failure to do so, there is no ruling from which to appeal. I think that objections are waived.