628 P.2d 308

**Earl LEWIS and LeAnn Lewis, Petitioners,**

v.

**Linda BLOOM, as Personal Representative of the Estate of Louise Dils, Deceased, and Walter Dils and Barbara Dils, Respondents.**

**No. 13446.**

Supreme Court of New Mexico.

May 13, 1981.

Lowell McKim, Gallup, for petitioners.

Eugene E. Klecan, Albuquerque, for respondents.

## OPINION

PAYNE, Justice.

A head-on collision occurred between vehicles driven by Louise Dils and LeAnn Lewis in which three people in the Dils vehicle, including Louise Dils, were killed. It is undisputed that the Lewis vehicle was on the wrong side of the road. Lewis contended that, although she was on the wrong side of the road, she had been forced there in an attempt to avoid Dils who had initially been on the wrong side of the road. Bloom, the personal representative of the estate of Louise Dils, contended that Lewis had been in the process of passing another vehicle at the time of the impact.

The issue on certiorari is whether the district court erred in submitting to the jury a non-uniform jury instruction proposed by Lewis. The Court of Appeals reversed, holding that the instruction was insufficient. We uphold the decision of the trial court and reverse the Court of Appeals on this issue.

The questioned instruction states:

> Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one (1) line of traffic in each direction each driver shall give to the other at least one-half of the main-traveled portion of the roadway as nearly as possible.
>
> If you find from the evidence that LeANN LEWIS conducted herself in violation of this statute, you are instructed that such conduct constituted negligence as a matter of law, unless you further find that such violation was excusable or justifiable.
>
> To legally justify or excuse a violation, the violator must sustain the burden of showing that she did that which might reasonably be expected of a person of

ordinary prudence acting under similar circumstances who desired to comply with the law.

Under this instruction the jury was required to find Lewis guilty of negligence as a matter of law *unless* she sustained the burden of explaining why she was on the wrong side of the road and that she did "that which might reasonably be expected of a person of ordinary prudence acting under similar circumstances who desired to comply with the law." The burden imposed by the instruction did not require her to disprove the facts which, if not excused, would establish negligence as a matter of law. Once the facts were established which gave rise to negligence as a matter of law, she had the burden of showing excuse or justification by showing that she acted as an ordinary prudent person desiring to comply with the law. The jury believed that Lewis sustained her burden and accordingly found in her favor. We cannot substitute our judgment of the facts for that of the trial court since only the trier of facts may weigh the evidence, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of witnesses, and decide where the truth lies. *Worthey v. Sedillo Title Guaranty, Inc.*, 85 N.M. 339, 512 P.2d 667 (1973); *Durrett v. Petritsis*, 82 N.M. 1, 474 P.2d 487 (1970).

The Court of Appeals relied on the failure of the trial court to use the precise words as set out by N.M.U.J.I.Civ. 3.1, N.M. S.A.1978 (subsequently recodified and changed in the 1980 replacement pamphlet): "The defendant has the burden of proving the affirmative defenses." Although the trial court's instruction departed from the specific words of N.M.U.J.I.Civ. 3.1, we hold that it substantially complied with the statutory requirements by placing on Lewis the burden of proving her affirmative defense of contributory negligence on the part of Dils. *See Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970); *McCrary v. Bill McCarty Const. Co., Inc.*, 92 N.M. 552, 591 P.2d 683 (Ct.App.1979).

We reverse the Court of Appeals on the issue discussed herein. The only other issue raised on certiorari pertains to the destruction by counsel of a tape recording of a witnesses' recollections of the accident. We affirm the trial court and Court of Appeals on this issue. The tape recording was the attorney's work product which may be discovered only upon a showing of good cause. In this case the evidence was not sufficient to meet the burden of showing that the tape contained any discoverable information.

We do not pass on any other issues discussed by the Court of Appeals as they are not before us on certiorari. The case is remanded to the trial court for entry of judgment consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, J., not participating.