This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TINSLEY TRAILER PARK,**

Plaintiff-Appellee,

**v.** No. 33,864

**DAVID DANIEL CEPEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

John R. Hakanson
Alamogordo, NM

for Appellee

David Daniel Cepeda
Alamogordo, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Appellant David Daniel Cepeda appeals the district court's judgment against him for unpaid rents and for eviction.  [RP 104-05]  We issued a notice of proposed

summary disposition proposing to affirm on September 9, 2014. Appellant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}      In his memorandum in opposition, Appellant continues to assert that the district court gave him improper instructions regarding a DVD that he wanted to introduce into evidence and that, as a result, he was forced to proceed without the evidence. [MIO 2-4] Appellant asserts that at the pretrial hearing on November 22, 2013, the district court told him that a DVD, which Appellant said was in evidence in the magistrate court trial, would be sent to the district court by the magistrate court. [MIO 2-3] No DVD was sent from the magistrate court, and on the day of trial, the district court told Appellant that it was his burden to produce the DVD. [DS 1] Appellant argues that he was denied due process when he was forced to continue to trial without the DVD and that the DVD evidence was crucial to support his claim for detrimental reliance and his claim that Plaintiff told him that he would not have to pay until he made certain improvements to the property. [MIO 2-4]

{3}      In our notice of proposed summary disposition, we proposed to affirm on the basis that the record does not support Appellant's claim that the district court gave him improper information about the process by which it would obtain any evidence

2

introduced in the magistrate court. The tape logs indicate that at the hearing on November 22, 2013, Appellant told the district court that he had presented a DVD in magistrate court and asked whether he would be able to play it at the trial in district court. [RP 22] The district court responded that if a DVD had been introduced into evidence below, then the magistrate court should provide it to the district court. [RP 22] *See* Rule 2-705(E)(4) NMRA (stating that within fifteen days after the appellant files a copy of the notice of appeal with the magistrate court, the magistrate court shall file the record on appeal, including any exhibits, with the clerk of the district court). The district court's statement that the magistrate court would send the DVD to the district court if it was an exhibit below was a correct statement of the law. *See* Rule 2-705(E)(4). We therefore reject Appellant's argument that the district court gave him improper information that resulted in him having to proceed without evidence to support his claims.

{4} We also noted in our notice of proposed summary disposition that there is no indication in the record that a DVD was introduced into evidence in the magistrate court trial. [RP 38-71] The record on appeal provided by the magistrate court to the district court shows that there were no exhibits before the magistrate court. [RP 38] We understand Appellant to claim that the magistrate court either misplaced or misfiled the DVD exhibit. [MIO 4] However, the record also indicates that the

3

parties were given notice of the filing of the magistrate court file on February 21, 2014, and the notice indicated that no exhibits were part of the record on appeal. [RP 38] *See* Rule 2-705(E) (stating that the magistrate court clerk shall give prompt notice to the parties of the filing of the record on appeal with the district court). If Appellant believed that a DVD had mistakenly been excluded from the magistrate court file, the district court rules provide a mechanism for him to address that situation, and he had notice of the alleged omission well before the April 29 trial date. *See* Rule 1-073(G) NMRA (stating that "[i]f anything material to either party is omitted from the record on appeal by error or accident, the parties by stipulation, or the metropolitan court on motion, or the district court, on proper suggestion or on its own initiative, may direct that the omission be corrected and a supplemental record transmitted to the district court"). As the record indicates that no exhibits were filed in magistrate court and as Appellant did not avail himself of his opportunity to seek correction or modification of the record pursuant to Rule 1-073(G) below, we presume the regularity of the proceedings, and we reject this assertion of error. *See Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75 ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered.").

{5} Appellant next maintains his argument that the district court erred in not granting his motion for a continuance after Appellant informed it that he had not received notice of the trial date until the day before the hearing. [MIO 4-7] We review the district court's denial of the motion for an abuse of discretion. *See Paragon Found., Inc. v. State Livestock Bd.*, 2006-NMCA-004, ¶ 31, 138 N.M. 761, 126 P.3d 577 (stating that an appellate court reviews the denial of a motion for continuance for abuse of discretion). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

{6} As we noted in our notice of proposed summary disposition, Appellant had been granted several continuances over a period of several months prior to the district court denying his motion for continuance on the day of trial. [RP 15, 19, 23-24, 29-31, 34] We also reject Appellant's argument that he was entitled to another continuance because he did not timely receive notice of the trial date. The record indicates that the district court verified with Appellant that the address the notice was sent to was his correct address. [RP 87] Under these circumstances, we believe the district court was within its discretion in refusing to grant a further continuance. *See Griffin v. Thomas*, 2004-NMCA-088, ¶ 56, 136 N.M. 129, 95 P.3d 1044 (holding that the district court did not abuse its discretion in denying a motion for continuance

5

where there was no indication of any benefit that the plaintiff could have received from a continuance, any prejudice to the plaintiff as a result of the denial, or any legitimate motive for further delaying the proceedings); *El Paso Elec. v. Real Estate Mart, Inc.*, 1982-NMCA-101, ¶¶ 45-49, 98 N.M. 490, 650 P.2d 12 (determining that the district court did not abuse its discretion in denying last-minute motion for continuance, which was based on the movants' assertion of lack of discovery, because "[d]iscovery should not be delayed until trial is near and confusion arises").

{7}     Appellant next argues that the district court abused its discretion in not allowing him to introduce photographic evidence to support his claims of unjust enrichment. [MIO 7-8] We review the admission or exclusion of evidence for abuse of discretion. *See Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891; *see also Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶ 23, 117 N.M. 434, 872 P.2d 852 (stating that the admission or exclusion of evidence is a matter within the sound discretion of the trial court). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65.

{8}     In our notice of proposed summary disposition, we noted that, although Appellant did not inform us of the basis for the district court's ruling excluding the photographs, it appeared that the district court determined that the pictures only

6

showed alleged improvements to the property and that such pictures would not be relevant in the absence of photographs showing the condition of the property before the alleged improvements. [RP 101] In his memorandum in opposition, Appellant does not contest the assertion that his proffered photographs showed only his alleged improvements to the property and did not show the property before the alleged improvements. Rather, Appellant argues that the district court erred in failing to personally look at the photographs before determining that they were not relevant on this basis. [MIO 7-8] We disagree, however, and hold that the district court's exclusion of the photographs on this basis was not an abuse of discretion. *See* Rule 11-401 NMRA (stating that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action"); Rule 11-402 NMRA (stating that evidence that is not relevant is not admissible); *see also Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (noting that the exclusion of evidence is within the discretion of the district court and an abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case).

{9} Appellant also continues to argue that the district court erred in denying his motion to file a counterclaim because allowing the counterclaim would not have been

burdensome or confusing. [MIO 8] We review this issue for abuse of discretion. *See Gonzales v. Lopez*, 2002-NMCA-086, ¶ 11, 132 N.M. 558, 52 P.3d 418 (noting that allowing a permissive counterclaim is discretionary with the court); *see also* Rule 1-013(B) NMRA (governing permissive counterclaims). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65.

{10} Based on our review of the record and the tape logs, the district court considered the fact that Appellant had not raised the issue sooner, that the trial had already been continued several times, and that the issues that Appellant sought to include in the counterclaim were not related to the eviction action. [RP 31] Under these circumstances, we see no abuse of discretion in the district court's refusal to allow Appellant to file a counterclaim. *See Gonzales*, 2002-NMCA-086, ¶ 11 (holding that the district court did not abuse its discretion in denying inclusion of a permissive counterclaim where "[a]llowing addition of the counterclaim would complicate trial of the basic estate claim, require additional discovery[,] and potentially delay an imminent trial").

{11} Appellant next argues that the district court abused its discretion in finding it irrelevant who actually owned the property in question. [MIO 8-9] In our notice of proposed summary disposition, we noted that Appellant had not informed this Court

how this issue arose, the relevant facts, or the basis for the district court's ruling. *See* Rule 12-208(D)(4) NMRA (stating that the docketing statement "shall contain . . . a statement of how [the issues presented in the appeal] arose and how they were preserved in the trial court"); *see also Thornton v. Gamble*,1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that the docketing statement must set out all relevant facts, including those facts supporting the district court's decision). In his memorandum in opposition, Appellant does not provide clarification on these points. Rather, Appellant states that he has personally never seen the deeds to the subject property and argues that it is reasonable and in the interests of justice for him to know who owned the property as only the actual owner of the property can legally sell it. [MIO 8] To the extent that Appellant seeks to raise an issue as to Plaintiff's standing to initiate the action against him, he has not provided us with the necessary information regarding preservation of this issue and any relevant facts developed below. We are therefore not in a position to meaningfully review this issue. We also note that Appellant has cited no authority to support his argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Accordingly, we reject this assertion of error and affirm. *See City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 34, 121 N.M. 144, 909 P.2d

25 ("The appellant has the burden to point out clearly and specifically the error it asserts on appeal.").

{12}   We also understand Appellant to concede that his claim that he was subjected to harassment, including an assault and battery is not on the record. We therefore do not address this issue, as on appeal, we do not review matters not of record. *See Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 36, 140 N.M. 395, 142 P.3d 983; *see also Lujan ex rel. Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶ 20, 135 N.M. 285, 87 P.3d 1067 ("Bedrock principles of appellate law dictate that matters not of record present no issue for review, that there is a presumption of regularity in the proceedings below, and that error must be clearly demonstrated.").

{13}   Finally, we note that Appellant has attempted to raise several new issues in his memorandum in opposition. Specifically, Appellant now argues that the district court was biased against him and that Plaintiff should have been barred from seeking a higher damages award at the trial de novo in district court. [MIO 3-5] Appellant did not raise these issues in his docketing statement, and therefore they must be brought pursuant to a motion to amend the docketing statement. *See* Rule 12-208(F) (stating that "[t]he Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement"). To the extent that Appellant's memorandum in opposition can be construed as a motion to amend the docketing statement to add these issues, we

deny the motion as Appellant has not demonstrated that these issues were preserved below or that they are otherwise viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{14}    For the foregoing reasons, we affirm the district court.

{15}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**