This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SILVER GARDENS II,**

Plaintiff-Appellee,

v. **No. A-1-CA-35650**

**KENNETH P. MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Vance, Chavez & Associates, LLC
Claud Eugene Vance
Albuquerque, NM

for Appellee

Kenneth Montoya
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant Kenneth P. Montoya, appearing pro se, appeals the district court's order affirming the metropolitan court's judgment for restitution, which terminated

the rental agreement between Defendant and Silver Gardens II (Plaintiff). For the following reasons, we dismiss Defendant's appeal.

**DISCUSSION**

{2}     In addition to failing to comply with the formalistic requirements of New Mexico's Rules of Appellate Procedure, *see, e.g.*, Rule 12-318(A)(1),(2) NMRA (requiring the appellant's brief in chief to contain a table of contents and a table of authorities), Defendant's brief in chief contains no summary of the proceedings or facts relevant to the issues presented for review, no citations to the record, and, critically, no discernible legal arguments. Thus and more importantly, Defendant's brief in chief fails to comply with the substantive requirements of Rule 12-318(A)(3),(4). We acknowledge that Defendant has chosen to represent himself in this appeal. However, pro se litigants must comply with court rules and will not be treated differently from litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84; *see also Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (holding that pro se litigants are "held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"). On Defendant's failure to comply with our briefing rule, alone, we may dismiss his appeal. *See* Rule 12-312(D) NMRA (providing that "[f]or any failure to comply with these rules . . . , the appellate court may, . . . on its own initiative, take such action as it deems appropriate . . . , including . . . dismissal"); Rule, 12-401(B)(4) NMRA (providing that "[a]n

appeal . . . may be dismissed by an appellate court for failure to comply with rules under Rule 12-312"). We dismiss Defendant's appeal, not because of technical noncompliance with our rules but because the substantive deficiency of his appeal leaves us unable to meaningfully address any legal error that may have occurred in this case. We briefly explain.

{3} Defendant's docketing statement identified the following three "issues presented" on appeal: (1) "The [metropolitan court] should have continued the trial so [Defendant] could testify[;]" (2) "Any other arguments made by [Defendant's] attorney a[t] trial[;]" and (3) "As a reasonable accom[mo]dation[,] [Defendant] should not have been evicted." However, none of those issues was developed in Defendant's briefs, meaning we consider them abandoned. *See State v. Ramming*, 1987-NMCA-067, ¶ 15, 106 N.M. 42, 738 P.2d 914 (stating that issues "listed in the docketing statement but not briefed[] are abandoned"). Defendant's brief in chief contains only: (1) descriptions of post-judgment occurrences, such as an inspection of his apartment that occurred after restitution was ordered; (2) general allegations, including that Defendant (a) "was not given a window of time to remedy the situation[,]" (b) "was never given a twenty-four hour notice[,]" (c) "had no access to [his] mail[]box[,]" and (d) had "not been allowed in [his] apartment" since May 31, 2016; and (3) pleas for leniency "in regard to filing [his] brief as [he] was not allowed access to [his] mailbox by manag[e]ment." His reply brief contains only additional descriptions of contemporaneous events in

Defendant's life. Critically, neither brief at any point refers to the proceedings below, either generally or specifically, nor does either brief contain a single citation to the record or any authority related to any of the "issues" identified in Defendant's docketing statement.

{4} The rule regarding issue abandonment is consistent with well-established rules that counsel appellate courts against reaching and attempting to resolve unclear, undeveloped arguments. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (explaining that appellate courts "will not review unclear arguments[] or guess at what a party's arguments might be" (alteration, internal quotation marks, and citation omitted)); *Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (explaining that where a party fails to cite any portion of the record to support its factual allegations, the reviewing court need not consider the arguments on appeal); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the appellate court to evaluate the claim); *Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 12-17, 110 N.M. 369, 796 P.2d 262 (explaining that we will review pro se arguments to the best of our ability but cannot respond to unintelligible arguments). The reason for these rules is that "[t]o rule on an inadequately briefed issue, [the reviewing court] would have to develop the arguments itself, effectively performing the parties'

work for them." *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. As our Supreme Court has explained, "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* Here, because Defendant's briefs contain no semblance of legal argumentation or even an articulation of any error committed by either the metropolitan or district court, we are left to speculate as to what basis exists for possible reversal in this case, something we will not do.

**{5}** Despite our dismissal of this pro se appeal, we have nonetheless reviewed the record of proceedings below and are satisfied that the decisions reached by the metropolitan and district courts fall within the range of discretion afforded to those courts and are not clearly erroneous as a matter of law. *See generally In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."). As such, it appears that the rulings by those courts would be affirmed on the merits. We briefly explain.

**{6}** First, there exists in the record substantial evidence of Defendant's numerous material violations of his lease agreement that formed the basis of Plaintiff's eviction proceeding against Defendant. There also exists substantial evidence that Plaintiff repeatedly attempted to work with Defendant to allow him to cure those violations in an effort to avoid eviction proceedings. Thus, we will not disturb the metropolitan court's judgment for restitution, which rested on the

court's findings that "Defendant committed material violations of the lease between Plaintiff and Defendant beginning in May 2015[,] continuing to as recent as December 3, 2015" and that "Plaintiff made . . . repeated attempts to accommodate Defendant's special needs." *See Weststar Mortg. Corp. v. Jackson*, 2003-NMSC-002, ¶ 8, 133 N.M. 114, 61 P.3d 823 ("If the verdict . . . is supported by substantial evidence, which we have defined as such relevant evidence that a reasonable mind would find adequate to support a conclusion, we will affirm the result." (internal quotation marks and citation omitted)).

{7}     Second, we cannot say on the record before us that the metropolitan court abused its discretion when it denied defense counsel's motion for a continuance at the close of Plaintiff's case when (1) the only basis identified for the continuance was to allow Defendant, who was inexplicably absent from trial, to testify, and (2) the metropolitan court noted that it was not the first continuance Defendant had requested. *See Paragon Found., Inc. v. N.M. Livestock Bd.*, 2006-NMCA-004, ¶ 31, 138 N.M. 761, 126 P.3d 577 (explaining that "we review the district court's denial of [a] motion for a continuance for an abuse of discretion"); *El Paso Elec. v. Real Estate Mart, Inc.*, 1982-NMCA-101, ¶ 45, 98 N.M. 490, 650 P.2d 12 (explaining that the denial of a motion to continue "will be reviewed only when palpable abuse of discretion is demonstrated").

{8}     Finally, to the extent Defendant sought to avoid eviction based on a claim that Plaintiff's refusal to continue to forego eviction constituted a failure to

reasonably accommodate his disability and, thus, unlawful discrimination in violation of the federal Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. §§ 3601-3619 (2012), Defendant bore the burden of proving that claim. *See Dubois v. Ass'n. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (identifying the elements of a failure-to-reasonably-accommodate claim under 42 U.S.C. § 3604(f)(3) that a tenant "must prove"). Specifically, Defendant had to prove that Plaintiff refused to make an accommodation that was both "necessary and seems reasonable on its face." *Kuhn ex rel. Kuhn v. McNary Estates Homeowners Ass'n, Inc.*, 228 F. Supp. 3d 1142, 1147 (D. Or. 2017) (internal quotation marks and citation omitted). Defendant develops no argument nor cites any authority to support his apparent contention that Plaintiff's refusal to further and indefinitely forestall eviction to allow Defendant to "obtain support services" and "stabilize [his] medications" was a failure to reasonably accommodate his disability and, thus, constituted unlawful discrimination in violation of the FHAA. Thus, we cannot say that the lower courts erred by rejecting Defendant's claim that Plaintiff violated the FHAA.

**CONCLUSION**

{9}    For the foregoing reasons, we affirm the order of the district court and dismiss the appeal.

{10}    **IT IS SO ORDERED.**

_____

                              **J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**EMIL J. KIEHNE, Judge**